83,127-01

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 07 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS
WR 83,127-01 Ca.No.10-CR-2388A

| | |
|---|---|
| EX PARTA | § IN THE 28th DISTRICT |
| RANDY J.KAIZER | § COURT OF NUECES |
| Applicant | § COUNTY,TEXAS |
| | § |

MOTION DENIED
DATE: 8-12-15
BY: P.C.

SUGGESTION FOR THE COURT OF CRIMINAL APPEALS
TO DENY TRIAL COURTS RECOMMONDATION

TO THE HONORABLE JUDGES OF THE COURT OF CRIM.APP.; now comes ,Randy J.Kaizer,Applicant pro se,in the above writ and cause no!s

The Applicant respectfully ask this Court,to not consider trial courts recommondation to deny Applicant's state writ of habeas corpus.The Applicant ask this Court to take it's own initiative de novo in reviewing Applicant's 11.07.Trial court's Fact Finding and Conclusions does not comply with the Courts instructions.The Applicant will show that the trial court left unresolve issues and that an evidentiary hearing is needed to satisfy this Courts order.

r.

This Court order trial counsel to respond to Applicant's claims of ineffective assistance of counsel,(I,A,C).Trial counsel replied with a vague response,answers that left the claim unresolved.Infact counsel only compels Applicant's claim.

(a).In Mr.Garcia's first response,"At no time,throughout the entire scope of representing Mr.Kaizer,was he prevented from testifying or instructed by me or co-counsel to "sit down"and "shut up."Applicant asserts that nowhere in his claim did Applicant accused counsel of saying such a remark!This is a fabricated accusation on counsels part and should not be considered.

)b).Counsel claims that several discussings were held about Applicant testifying on his own behalf.Applicant will show two statements by counsel that does not collaborate with his account of what occured;1)in a disscussion about Applicant testifying counsel admits telling Applicant,"that the manner the trial was

(1)

preceeding was favorable unto him."By such a statement it would seem as though counsel wanted Applicant to believe the trial was going good for him and there was no need to testify(Atty.Aff.p. 1-2.,and (b)).Applicant believes counsel is under the assuption that Applicant was free on bond during his trial.Counsel states, he and Applicant had "a brief conversation in the hallway outside the presence of the jury,the defendant again was asked if he wanted to take the stand to testify."

As the record will show,Applicant was incarcerated during trial and it would of beeninconvenientto ALL parties for counsel to speak with Applicant out of the presence of the jury each time counsel or Applicant wished.In order for this to happen,trial court would of had to excuse the jury,then a sheiff's deputy had to unshackle the Applicant and escort him to the hallway,then repeat this each time.This is unreallistic and unlikely to occur. (Atty.Aff.p.2.)

(c).Nowhere in the record can counsel support that he asked Applicant if he wished to take the stand to testify.The record does support that counsel was preparing the jury that Applicant would not testify by invoking his 5th Amendment,during the voir dire.

(d).There was no reason for Applicant not to want speak for himself.Applicant has no acts of moral turpitude that would discredit his testimony.As Mr.Garcia was aware,the Applicant wanted the jury to know that there was another theory into the alleged offense.Applicant stated to counsel that the alleged offense may have been caused by the victim's father.(H.C.APP,Aff.Exh.4)Applicant also express to counsel that if a time line was developed, the victim's allegation would not collaborate with the time that the victim alleges events occured.The victims,victim's mother (Maria Medrano),and Applicant's schedules did not present the opporutunity for the alleged offese to have occured.(H.C.Gr.13-14) Counsel did not respond to this portion of Applicant's claim. these facts not presented during trial would have supported the Applicant,s innocent claim.Yet,counsel failed to aknowledge these claims as he does again in his affidavit.

(2)

(e).Trial counsel states co-counsel,Lisa Greenberg,also never heard any statements concerning lead counsel telling Applicant to "shut up and sit down"or"Applicant stating during his time to testify,"Ready when you are".As trial counsel knows,this is hearsay on his part.If counsel wanted to use co-counsel to collaborate his statement,Mr.Garcia should of requested for Ms. Greenberg to make her own affidavit.

(f).Applicant is adamant that he wished to testify on his own behalf.Counsel's only defense strategy was to show that the victim was lying.A time line would of helped in this defense and yet it is not presented.Applicant was willing to testify to show the jury by evidence of work,school,and other evidence of sceduling ,that there was no means of opporutunity to have commited the alleged offense.Therefore,counsel was ineffective for not allowing Applicant to testify in his own defense.H.C.Gr.14 Exh's.

## II.

Mr.Garcia state's that one of his staff initiated a visit with Applicant.Applicant does not claim that he did not get any visits from counsels staff,Applicant's claim that counsel himself only visit 4 times through out his representation.One visit that counsel referes to,is counsel's mother.At the time it was unclaer to the nature of the visit and left Applicant more confused than confident.A visit from any counsel's mother would of left anyone baffled and question his counsel's ability to represent him/her.

The Applicant claim is that counsel was not diligent in his communication.Applicant presented counsel with alibis,that when counsel visit,Applicant question counsel on his progress of the investigation to which counsel would reply with a vague answer. The record supports Applicant's sufficient claim that counsel did not investigate any of Applicant's alibi's.No questions towards John Medrano's involvment in the alleged offense in any kind were conducted.Nor does counsel state that he informed the State of Applicant's statement or any law enforcement as so they could conduct their own investigation(H.C.Gr.13-14)Nor is there a time line presented in any of the record.

### III

Trial counsel's statement that Applicant's claim that counsel was ineffective for advising Applicant to chose the trial court for sentencing is also not in any of Applicant's claims and should not be considered by the Court.

### IV

Applicant stands firmly that trial counsel failed to conduct his own investigation.Counsel's affidavit supports this claim.As stated above,no questions of any sort towards Mr.Medrano concerning the victim and his relationship,other than,the father and daughter.Counsel never states if he informed the State or law enforcement of what Applicant told counsel about Mr.Medrano.

Applicant told trial counsel a time line would benefit the defense.The time the victim stated the alleged offense had occur, would not collaborate with schedules of the victim,victim's mother (Maria Medrano),or the Applicant:During the middle of trial,

ten counts of the indictment were dismissed by the State due to insufficient evidence through testimony of the victim(St.Supp.An. Exh.F.)Applicant assured counsel that a time line would of bene= fited before trial had started.Nowhere in the record does it show counsel developed a time line.Applicant presented this claim in his 11.07.(H.C.Gr.13-14.)also see(Exh.A.)Applicant gave a list of employers to help create a time to establish an alibi.

Counsel's affidavit collaborates with applicant's claim of no independent investigation outside of what the State furnished. Counsel relied on what the State investigated(Atty,Aff.p.2-3).

### V

Trial counsel states that he maintained communication with Applicant through phone calls initiated from jail by Applicant. Mr.Garcia further states,through these phone calls and conversa= tions with Applicant's mother,A defense was prepared.(Atty.Aff,p. 2).It is well known,phone calls coming from inmates in jailed facilities are monitored and recorded.According to counsel's affidavit,in preparing Applicant's defense,the confidentially betwwen client-attorney,may have been violated.

(94)

## VI

Counsel states that he contacted Applicant's daughter to testify at the punishment phase.Applicant presented a list of a few other witnesses that would of testify on Applicant's behalf.Counsel did not take into consideration that Applicant's daughter may have been distrait from the decision of guilt of her father?Counsel's choice in witnesses was not one of strategic measures.It is one of a easier choice.It is well known one's family,in most instances,will give a positive oppion concerning a family.The best practice,would to be to use someone outside the family.For instance ,an ex-wife would of been a neutral character witness. Applicant informed counsel that his ex-wife was welling to testify (H.C.APP.AFF).Applicant is a Honorable discharged,decorated wartime vet of the U.S.Navy (see exh B.)

Counsel felt it was in Applicant's favor only to call one character witness,Applicant's son to testify as to character of theApplicant.

Applicant,in his claim for character witnesses,admits he is in error.The witnesses Applicant was refering to are witnesses to his innocences.Why were there not more witnesses to account for Applicant'a alibi,such as his former employers or former wife who wase welling to testify.This is due to counsel lack of investigation.

## VII

In preparing for Applicant's habeas corpus,Applicant requested trial counsel's work product.With the help of the,Client-Attorney Assistance program (CAAP),Applicant was able in obtaining some of counsel's work product (H.C.exh.1)By viewing counsel's notes,it seems that an investigation on behalf of Applicant was at a minimum.According to notes taken by counsel's mother,during a six month period,counsel visited Applicant only one time (H.C. exh.2)also see exh.C.)

## VIII

Applicant submitted to the habeas court a proposed,"Controvered Previously Unresolved Facts,Interrogatory Questions to

...Attorney,Luis Garcia".These questions were to assist in developing facts to determine counsel's effectiveness.Counsel failed to answer any of the questions.The State did not propose any questions to assist to develope an adequate record for this court.Counsel's responses were unconclusive.The only facts presented to the Court are;1) through counsel's mother and an assistant,counsel maintained communication with Applicant,with the benefit of four visits from counsel himself;2)Through the use of a jailhouse phone and Applicant's mother,a defense was prepared,and by using the jailhouse phone,client-attorney confidentially may have been violated;3)There was no investigation into John Medrano or the Applicant's alibi of a time line to show the jury that there was no means of opporutunity to have committed the alleged offense;and4) Counsel did not consider other witnesses that would of benefitted the Applicant.(see exh.D.)

## IX

In the'State's Supplemental Answer',State is claiming that the Applicant's claim is contrary to what he wrote in his application. The State is attempting to discredit Applicant by it's misconstrued accusation by stating 'Applicant admitted in his application that he elected not to testify in his behalf."(St.Supp.p.4)The State is refering to ground seven.The State ,During closing arguments at trial made impermissible comments on Applicant's not taking the stand to tell his side,"nobody else knows what happened,the State could have called 100 witnesses but nobody else knows what except for [victim] and Randy Kaizer.(RR4,p.86)In his claim,Applicant used this statement as a third party to show what the prosecution wanted the jury to believe.The record will support this claim.

With the issue of the times that counsel visited with Applicant,the State wants to discredit Applicant.The state indicates it was only one month and Applicant indicates two months it took counsel to visit Applicant after being appointed as counsel.As the court will see both parties are wrong,the time was inbetween one and two months.This may be a small error,yet the State wishes to discredited Applicant with the Court.Applicant ask the Court to not consider the miscalculation..H.C.Gr.13-14 exh 2.

(6)

## X

The State claims that Applicant offers no theory of harm for counsel not being prompt in contacting Applicant upon being appoited.Applicant was arrested for the allege offense after being separated from the victim's mother for over two years.Therefore the arrest was a surprise and without an indictment until Nov.19, 2010,three months after being arrested.The Applicant was at the mercy of his attorney and his knowledge of the law.

Applicant's bond was set at 100,000.00.With prompt represent-ation,counsel could have submitted a motion for bond reduction on behalf ofApplicant,therefore allowing Applicant to utilize his resources upon arrest.

Counsel could have immeditaly file motion for discovery and take the proper procedures in obtaining an order from the Court for the defense to conduct it's own disposition of the victim. This would of allowed counsel 2 recordings of what the victim alleges occurred.Ten of the fourteen counts in the indictment had been dismissed due to insufficient evidence because of inadequate testimony of the victim.This also would help incase a party atte-mpted to influence the victim into stating some other allegations in her statement.

This case is based on an OUTCRY that allegely occurred two years before applicant's arrest.No physical evidence was presen-ted during trial.Any help in preparing the victim for testimony was detramental to the Applicant.It is well known that the prac-tice of the State is to prepare the witness to testify in what to say and what to expect from the defense.

Applicant was harmed because counsel was not prompt in his representation.Applicant was accused of a hideous offense,one that many would be bias too,including family,friends and assoc-iates.Support from those resources may of been lost through the passege of time.

## XI

The State claims that a defense was made by using the discove-ry provided by the State.The Applicant is not indispute with what

(7)

...the State claims here.Applicant is in agreement that counsel did not do it's own independent investigation.The State claims. Applicant presents no proof to his accusation of the victims father as the one who committed the assult.In convicting Applicant,the State presented no physical proof,no witnesses to the allege offense other than the victim,nor were there any circumstanctial evidence.Applicant was found guilty because the State told the jury that no evidence was needed to convict Applicant other than the OUTCRY of the victim.The State wants Applicant to present evidence after being incarcerated for five years.

Applicant's alibi,of no window of time or opporutunity to commit the offense has not been discuss by the State or trial counsel in State's Supplemental Answer or counsel's affidavit. Applicant submitted the victim's mother (Maria Medrano),work schedule in his habeas corpus.(H.C.Gr.13)Counsel or State failed to aknowledge this claim thereby ,failing to deveople all the facts order by this court.

## XII

The Habeas court in their "Supplemental Findings,Conclusion, and Recommendation",has adopted the State's findings without conducting it's own hearing.It is well known that the practice of the Habeas Court is to adopt the State's findings,as it did here. Without a proper hearing the Applicant is not afforded a fair hearing in accords with the Texas and United States Constitution. Applicant's right of due process of law have been violated in the coarse of the hearing at the habeas court level.

This Court once order the habeas court that additional facts were needed.Though the habeas court adopted the State's findings and trial counsel's affidavit,these Statements were inadequate to comply with this court instructions,and the habeas court recommendation should not be considered.Applicant suggest for tjis Court to take it's own initiative and order an evidentiary hearing be held to develope the facts needed so this Court could decide that

(8)

...the Applicant be recommended for a new trial.

## CONCLUSION AND PRAYER

For the foregoing reason,the Applicant respectfully suggest to this Court to find:the habeas court did not complywith this Court's instructions;2)further expansion of the record ,by an evidentiary hearing,is needed to afford the Applicant with a full and fair hearing,3)the summeries of trial counsel and the State are inadequate to develope the facts needed to fullfill a proper record that would be sufficient to let this Court make a fair decision.

Therefore the Applicant suggest that this Court deny the habeas court recommendation.

RANDY J.KAIZER #1730604
C.T.TERRELL UNIT
1300 FM 655
ROSHARON,TEXAS 77583

Respectfully Submitted,

(9)

## Unsworn Declaration

I,RANDY J.KAIZER,DO HEREBY DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING SUGGESTION TO DENY TRIAL COURTS RECOMMONDATION IS TRUE AND CORRECT.

EXCUTED ON: O4 Aug 15          BY: _____
                                   RANDY J. KAIZER


## CERTIFICATE OF SERVICE

I,RANDY J. KAIZER DO CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING SUGGESTION TO DENY TRIAL COURTS RECOMMONDATION WAS PLACED IN THE PRISON MAIL BOX WITH PRE PAID POSTAGE ON THIS          , DAY OF JULY,2015.

EXCUTED ON: O4 Aug 15          BY: _____
                                   RANDY J. KAIZER #1730604
                                   C.T.Terrell Unit
                                   1300 FM 655
                                   Rosharon,Texas 77583

(10)

EXHIBIT A.



# Gregory-Portland Independent School District

## Gregory-Portland Junior High School

Marye Lou Landrum
*Assistant Principal*

Xavier Barrera
*Principal*

Ross A. Wilmeth
*Assistant Principal*

Wednesday, February 2, 2011

Luis P. Garcia, ESQ.
500 N. Water St., Suite 510
Corpus Christi, Texas 78401

Dear Mr. Garcia:

As an item of information, Victoria Medrano is no longer a student at Gregory-Portland Junior High School. She is now in grade 9 and all of her records were transferred from this campus to Gregory-Portland High School at the end of the school year last year. What is enclosed is what we have available at this time. Please feel free to contact me should you have any questions.

Thank you.

Yours truly,

Xavier Barrera
Principal

State of Texas
County of San Patricio

My name is Xavier Barrera. I am the Principal of Gregory-Portland Junior High School in the Gregory-Portland Independent School District, and am the official custodian of student records at that school campus. On this the 2nd day of February, 2011, I hereby certify the attached documents are true, exact, complete, and unaltered photocopies of the student records of Victoria Medrano (D.O.B.: 08/24/96).



_____
Xavier Barrera

Sworn to and subscribed before me on the ___2___ day of February, 2011.


_____
Notary Public, State of Texas

(SEAL)

MARGARET SALDIVAR
Notary Public, State of Texas
My Commission Exp. 03-22-2014

Print Name: _Margaret Soldivar_

My Commission Expires: _3-2-2014_

| Main Menu<br><br>Account Search | City of Corpus Christi<br>Parks and Recreation Department<br>Latchkey | Log-Out |
|---|---|---|

>Child List

# Children

## Modify Existing

[ Print Child's Registration Form ]

\* Required Fields                                        **Last Modified by:**

Personal Info     Site Info     Tuition Info     Pick-Up Info and Special Needs

## Personal Information

| | |
|---|---|
| **\* Date of Birth** | 08/24/1996 |
| **\* Sex** | Female |
| **\* Child's First Name** | Victoria |
| **\* Child's Last Name** | Medrano |
| **Parent/Guardian** | Maria Medrano |
| **\* Grade** | Currently (5) 5<br>or |
| **\* School** | Wilson |
| **\*Child's Physician** | Attending physician |
| **\*Physician Address** | 3435 S. Alameda |
| **\*Physician City** | Corpus Christi |
| **\*Physician State** | Texas |
| **\*Physician Phone** | 361-694-5000 |

## Latchkey After School Information

**\* Latchkey Site**          Wilson

**Is child currently attending?**    ○ Yes    ⦿ No

**Last Day Attended**

---

## Vacation Station Information

**Vacation Station Site**

**Days Attending**

☐ November 23          ☐ December 20          ☐ December 28

☐ November 24          ☐ December 21          ☐ December 29

☐ December 18          ☐ December 22          ☐ January 01

☐ December 19          ☐ December 27          ☐ January 02

---

## Summer Latchkey Information

**Summer Site**

**Weeks Attending**

☐ June 14          ☐ July 05          ☐ July 26

☐ June 21          ☐ July 12          ☐ August 02

☐ June 28          ☐ July 19

**Off Campus Field Trips**        ○ Yes    ⦿ No

**Off Campus Water Activities**    ○ Yes    ⦿ No

**Field Trip Transportation (Bus)**    ○ Yes    ⦿ No

---

## Tuition Information

**\* Tuition Type**          Full

**Caseworker**            Select          or _____

**TWC amount**            0.0000
(Use "0" for "npf")

**TWC Auth/Term #**

**TWC Notified Date**

**TWC Original Begin Date**

**TWC Begin Date**

**TWC End Date**

**Days Authorized**          Select          or

**TWC Termination Number**

**TWC Comments**

**Delmar Begin Date**

**Delmar End Date**

**Scholarship Number**          0

## Pick-up List

| **Pickup Names** | **Phone** |
| --- | --- |
| Maria Medrano | 361-980-0365 |

**Special Needs**

Modify Child

| Main Menu<br><br>Account Search | **City of Corpus Christi<br>Parks and Recreation Department<br>Latchkey** | Log-Out |
| --- | --- | --- |

# Transactions

### Listing

**Parent's Name**      Maria Medrano (1141)

| **Child's Name** | **School Attending** |
| --- | --- |
| Victoria Medrano | Wilson |

**Account Balance:**      $0.00

**Transaction History (all)**

| Date | Amount |
| --- | --- |
| 04/30/2007 | ($89.00) |
| 04/25/2007 | $89.00 |
| 04/02/2007 | ($89.00) |
| 03/25/2007 | $89.00 |
| 03/01/2007 | ($89.00) |
| 02/25/2007 | $89.00 |
| 02/02/2007 | ($89.00) |
| 01/25/2007 | $89.00 |
| 01/09/2007 | ($77.00) |
| 01/03/2007 | $77.00 |
| 11/30/2006 | ($77.00) |
| 11/25/2006 | $77.00 |
| 11/02/2006 | ($77.00) |
| 10/25/2006 | $77.00 |
| 09/29/2006 | ($89.00) |
| 09/25/2006 | $89.00 |

| | |
|---|---|
| 09/01/2006 | ($116.00) |
| 08/25/2006 | $89.00 |
| 08/14/2006 | ($50.00) |
| 08/14/2006 | $77.00 |
| 04/27/2006 | ($50.00) |
| 04/25/2006 | $50.00 |
| 04/03/2006 | ($50.00) |
| 03/25/2006 | $50.00 |
| 03/02/2006 | ($50.00) |
| 02/25/2006 | $50.00 |
| 02/07/2006 | ($70.00) |
| 02/06/2006 | $20.00 |
| 01/25/2006 | $50.00 |
| 01/09/2006 | ($50.00) |
| 12/25/2005 | $50.00 |
| 12/05/2005 | ($50.00) |
| 11/28/2005 | $50.00 |
| 11/01/2005 | ($50.00) |
| 10/24/2005 | $50.00 |
| 10/03/2005 | ($50.00) |
| 09/27/2005 | $50.00 |
| 09/02/2005 | ($50.00) |
| 08/30/2005 | $50.00 |
| 08/18/2005 | ($50.00) |
| 08/18/2005 | $50.00 |

EXHIBIT B.

Feel bottom right for
Original Seal.

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

# CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle) KAIZER, RANDY JOHN JOSEPH | 2. DEPARTMENT, COMPONENT AND BRANCH USN-NAVY | 3. SOCIAL SECURITY NO 438 12 9734 |
|---|---|---|

| 4.a. GRADE RATE OR RANK HM3 | 4.b. PAY GRADE E4 | 5. DATE OF BIRTH (YYMMDD) 66APR06 | 6. RESERVE OBLIG TERM DATE Year 94 Month 47 Day 3 |
|---|---|---|---|

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY MEPS NEW ORLEANS | 7.b. HOME OF RECORD AT TIME OF ENTRY (City and state or complete address if known) 1237 SYCAMORE PINES RD CARRIERE MS 39466 |
|---|---|

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND NAVAL HOSPITAL GUAM | 8.b. STATION WHERE SEPARATED PERSUPP DET NAVAL STATION |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED NAVAL RESERVE PERSONNEL CENTER NEW ORLEANS LA | 10. SGLI COVERAGE □ None Amount: $200,000.00 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.) HM - 0000/0000 | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a. Date Entered AD This Period | 86 | NOV | 05 |
| | b. Separation Date This Period | 92 | JAN | 10 |
| | c. Net Active Service This Period | 05 | 02 | 06 |
| | d. Total Prior Active Service | 00 | 00 | 00 |
| | e. Total Prior Inactive Service | 00 | 01 | 12 |
| | f. Foreign Service | 00 | 00 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 87 | JUN | 16 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)
GOOD CONDUCT SERVICE MEDAL (1ST), NATIONAL DEFENSE SERVICE MEDAL (1ST), OVERSEAS SERVICE RIBBON (1ST), MARKSMAN M16A2 RIBBON (1ST).

14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)
HM "A" SCHOOL, 10WKS, 87MAR.

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS EDUCATIONAL ASSISTANCE PROGRAM | Yes | No XX | 15.b. HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes XX | No | 16. DAYS ACCRUED LEAVE PAID 9.0 |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | X Yes | No |
|---|---|---|

18. REMARKS
ENLISTMENT OR ACTIVE SERVICE TERM EXTENDED FROM 14 MONTHS ON 90 NOV 05. EXTENSION OF SERVICE WAS AT THE REQUEST AND FOR THE CONVENIENCE OF THE GOVERNMENT.

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) 343 JOHNSON RD AGANA HTS GUAM 96919 | 19.b. NEAREST RELATIVE (Name and address - include Zip Code) RICHARD L. KAIZER 10008 ADAMS ST BAY ST LOUIS MS 39576 |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO _CA_ DIR. OF VET AFFAIRS | X Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | L. DUKE, PNCS, USN, MILPERSUPVBYDIR |

## SPECIAL ADDITIONAL INFORMATION (For use by authorized agencies only)

| 23. TYPE OF SEPARATION RELEASED FROM ACTIVE DUTY AND TRANSFERRED TO NAVAL RESERVE | 24. CHARACTER OF SERVICE (Include upgrades) HONORABLE | |
|---|---|---|
| 25. SEPARATION AUTHORITY MILPERSMAN 3620150.10 | 26. SEPARATION CODE LBK | 27. REENTRY CODE RE-1 |

28. NARRATIVE REASON FOR SEPARATION
USN RELEASE FROM ACTIVE DUTY AND TRANSFER TO NAVAL RESERVE

| 29. DATES OF TIME LOST DURING THIS PERIOD TL: NONE | 30. MEMBER REQUESTS COPY 4 Initials |
|---|---|

DD Form 214, NOV 88  S/N 0102-LF-006-5500 Previous editions are obsolete

SERVICE 2

EXHIBIT C.

# STATE BAR OF TEXAS





*Refused 2 times.*
*Mead family*

Jessica A. Bergeman
Program Director

December 1, 2014

Mr. Luis Pruneda Garcia
Attorney-at-Law
500 N. Water St., Ste. 510
Corpus Christi, TX 78401-0212

RE: Mr. Randy Kaizer #01730604
Record: #658639

Dear Mr. Garcia,

Recently, Mr. Kaizer contacted the Client-Attorney Assistance Program (CAAP). CAAP is a confidential dispute resolution program of the State Bar of Texas. Its objective is to facilitate communication and the transfer of documents to assist Texas lawyers and their clients in resolving minor concerns, disputes, or misunderstandings that impact the Attorney-Client relationship. In most cases, the issues do not rise to the level of a grievance. *In others, CAAP is able to help resolve problems that if neglected may become a grievance.*

Mr. Kaizer expressed concerns regarding the legal matter you were handling for him. He indicated that he has tried resolving this on his own but has been <u>unsuccessful</u>. Consequently, he requested that CAAP assist by contacting you. For your convenience, enclosed is a copy of his most recent correspondence which appears to request a production of his client file. Please contact Mr. Kaizer to address his concerns:

*Mr. Randy Kaizer #01730604*
*C.T. Terrell Unit*
*1300 FM 655*
*Rosharon, TX 77583*

When responding to Mr. Kaizer's concerns, please advise CAAP that you have done so. If it is more convenient, you may cc CAAP without attachments on your written response via email, fax or letter, so that we may continue to facilitate if necessary. If I can be of further assistance in resolving this issue, please contact me at (800) 204-2222 ext. 1777.

Sincerely,

Jessica A. Bergeman, J.D.
Program Director

JAB/dd
Enclosure
cc: Mr. Randy Kaizer

EXHIBIT D.

CAUSE NO: 10-CR-2388 A

EX PARTE RANDY KAIZER  §        IN THE 28th JUDICIAL DISTRICT
APPLICANT                §
                         §
V.                       §              COURT  OF
                         §
THE STATE OF TEXAS       §        NUECES  COUNTY,  TEXAS

CONTROVERTED, PREVIOUSLY UNRESOVLVED FACTS:

INTERROGATORY QUESTION TO ATTORNEY LUIS GRACIA

I. WHETHER TRIAL COUNSEL, LUIS GARCIA MADE AN ADEQUATE INVESTIGATION OF THE FACTS AND CIRCUMSTANCE OF THE CASE.

1. MR. GARCIA, IN YOUR INVESTIGATION, OR INTERVIEW OF THE STATE WITNESSES, WHAT DID YOU DISCOVER? YOU INFERRED THAT DETECTIVE MOSS DID NOT ADEQUATELY INVESTIGATE THIS CASE.(SEE 2 RR 34-55, 61-62) DID YOU INVESTIGATE, MARIA MEDRANO'S WORK HISTORY, VICTORIA MEDRANO'S SCHOOL RECORDS, MEDICAL RECORDS, INTERVIEW HER FRIENDS AND SCHOOL TEACHERS AND COUNSELORS? IF SO, WHAT DID YOU DISCOVER? IF NOT, WHY?

2. WHAT WAS YOUR TRIAL STRATEGY FOR NOT PRESENTING THE EVIDENCE OF MAIRA MEDRANO'S WORK HISTORY, RANDY KAIZER'S WORK HISTORY AND THE SCHOOL RECORDS TO THE JURY TO SUPPORT YOUR THEORY THAT NO WINDOW OF OPPORTUNITY EXISTED FOR A CONTINUOUS SEXUAL ABUSE?  IN RETRO-SPECT, SO YOU THINK, THAT CREATING A TIME LINE CHART FOR THE JURY, WITH THE USE OF MARIA'S WORK SCHEDULE SHEETS AND RANDY'S WORK HISTORY AND SCHOOL RECORDS AS A VISIUAL GRAPH TO CHALLENGE THE STATE'S  "ON OR ABOUT" ELEMENT OF COUNTS 1,2,3,4, OF THE INDICT-MENT COULD HAVE CASTED DOUBT ON THE STATES CASE, AND WOULD IT NOT HAVE SUPPORTED YOUR TRIAL STRATEGY BY PRESENTING EVIDENCE TO THE JURY TO CAST DOUBT ON THE VICTIMS UNCORROBORATED TESTIMONY.

3. MR. GRACIA, IN YOUR INVESTIGATION HOW MANY TIMES DID YOU CONSULT WITH YOUR CLIENT? IN THAT CONSULTATION WITH YOUR CLIENT HE PROVIDE

1.

YOU WITH AN ALIBI STATEMENT.(SEE AFFIDAVIT) IN WHICH HE NAMED JOHN MEDRANO AS THE ACTUAL PERPETRATOR..

4. MR.GARCIA, WHAT INVESTIGATION DID YOU DO AS TO YOUR CLIENT'S VERSION OF EVENTS? DID YOU INTERVIEW JOHN MEDRANO. IF NOT, WHY? WHAT WAS YOUR TRIAL STRATEGY FOR NOT INTRODUCING A THIRD PARTY PERPETRATOR? IN RETROSPECT, DO YOU THINK YOU SHOULD HAVE CALLED JOHN MEDRANO AS A WITNESS TO CONFRONT HIM WITH YOUR CLIENT'S STATEMENT? IF NOT, WHY?

5. MR. GARCIA, WHAT WAS YOUR TRIAL STRATEGY FOR VIOR DIRING POTENTIAL JURORS AS TO YOUR CLIENT NOT TESTIFYING?(SEE 1 RR 62-198) YOUR CLIENT STATED HE DID WANT TO TESTIFY AND PRESENT HIS ALIBI STATE-MENT AND HIS VERSION OF EVENTS. WHAT WAS YOUR TRIAL STRATEGY FOR PROCEEDING WITH THE TRIAL WITHOUT THE DEFENDANTS TESTIMONY? WHY?

6. MR GARCIA, DID YOU INTERVIEW THE CHARACTER WITNESSES YOUR CLIENT PROVIDED YOU?( SEE EXHIBITS) OF HIS EX-WIFE VICKI NORMAN, JOE GONZALES, JAMES FINNAGAN? IF NOT, WHY? WHAT WAS YOUR TRIAL STRATEGY FOR NOT CALLING THEM AS CHARACTER WITNESSES? IN RETROSPECT, DO YOU THINK THAT HAVING THESE CHARACTER WITNESSES TESTIFY ON BEHALF OF YOUR CLIENT COULD HAVE GIVEN THE JURY PROBATIVE EVIDENCE IN THEIR ASSESSMENT OF GUILT/INNOCENCE AND OR AT PUNISHMENT?

II. WHETHER TRIAL COUNSEL, LUIS GARCIA, MADE AN UNSOUND TRIAL STRATEGY BY FAILING TO PRESENT A THIRD PARTY PERPETRATOR, AND FAILING TO CALL THE DEFENDANT TO TESTIFY TO PRESENT HIS VERSION OF THE EVENTS TO SHOW HIS INNOCENCE.

1. MR. GARCIA, WHAT WAS YOUR REASONING FOR NOT DEVELOPING YOUR CLIENT VERSION OF EVENTS BY CALLING HIM TO TESTIFY? WHAT WAS YOUR REASON-ING FOR NOT DEVELOPING THIS STRATEGY?

2. WHAT WAS YOUR REASONING FOR NOT CALLING JOHN MEDRANO AS A WITNESS TO CONFRONT HIM WITH YOUR CLIENT'S ALIBI STATEMENT?

3. WHAT WAS YOUR REASONING FOR NOT CALLING VICKI NORMAN AS A CHARACTER WITNESS? WHAT WAS YOUR STRATEGY ?

4 WHAT WAS YOUR RESONING FOR NOT CALLING JOE GONZALES AS A CHARACTER WITNESS? WHAT WAS YOUR STRATEGY?

5. WHAT WAS YOUR RESONING FOR NOT CALLING JAMES FINNAGAN AS A CHARACTER WITNESS? WHAT WAS YOUR STRATEGY?

6. IN RETROSPECT, DO YOU THINK THE PRESENTATION OF YOUR CLIENT'S VERSION OF EVENTS WOULD HAVE BEEN REASONABLE FOR THE JURY'S DETERMINATION OF YOUR CLIENTS GUILT/INNOCENE?

7. IN RETROSPECT, DO YOU THINK THE PRESENTATION OF JOHN MEDRANO' BEING THE ACTUAL PERPETRATOR WOULD HAVE BEEN REASONABLE FOR THE JURY'S DETERMINATION OF YOUR CLIENTS GUILT/INNOCENCE?

8. IN RETROSPECT, DO YOU THINK, THE PRESENTATION OF THE THREE CHARACTER WITNESS WOULD HAVE BEEN REASONABLE FOR THE JURY'S DETERMINATION OF YOUR CLIENTS GUILT/INNOCENCE OR AT THE PUNISHMENT PHASE OF THE TRIAL?

III. WHETHER TRIAL COUNSEL, LUIS GARCIA FAILED TO SUBJECT THE STATE'S WITNESS, TO AN ADVERSARILY CROSS-EXAMINATION AND PRESENT EVIDENCE TO SUPPORT HIS TRIAL STRATEGY?

1. WHAT EVIDENCE DID YOU DISCOVER AFTER YOUR INVESTIGATION AND INTERVIEW OF VICTORIA MEDRANO? IF YOU DID NOT INVESTIGATE OR INTERVIEW HER, WHY NOT?

2. WHAT REASONING DID YOU EMPLOY IN THE DEVELOPMENT OF YOUR TRIAL STRATEGY FOR THE CROSS-EXAMINATION OF THE VICTIMS INCONSISTANT STATEMENT GIVEN TO DETECTIVE MOSS, RICARDO JIMENEZ AS TO THE ALLEGED SEXUAL ABUSE AND HER TRIAL TESTIMONY?

3. WHAT WAS YOUR REASONING FOR NOT CROSS-EXAMINING THE VICTIM AS TO THE DEFENDANTS VERSION OF EVENTS NAMING JOHN MEDRANO AS THE ACTUAL

3.

PERPETRATOR?

4. WHAT WAS YOUR REASONING FOR NOT CROSS-EXAMINANING VICTORIA MEDRANO AS TO THE ALLEGATION (SEE AFFIDAVIT) THAT SHE WOULD DISPLACE THE BLAME, IF THE DEFENDANT TOLD HER MOTHER, MARIA MEDRANO?

5. IN RETROSPECT, DO YOU THINK, YOUR CROSS-EXAMINATION OF THE SOLE EYE WITNESS AS TO THE ALLEGE SEXUAL ASSAULT THAT OCCURED ONCE A WEEK FOR 53 WEEKS(SEE 2RR 37) WAS SUPPORTED WITH EVIDENCE THAT WAS AVAIABLE TO YOU SUCH AS WORK SCHDULES AND SCHOOL RECORDS, AND MEDICAL RECORDS TO SHOW A TIME LINE THAT NO WINDOW OF OPPORTUNITY EXISTED?

6. WHAT REASONING DID YOU EMPLOY IN THE CROSS-EXAMINATION OF THE STATE WITNESS TO DEMONSTRATE THE VICTIMS UNCORROBORATED TESTIMONY LACKED EVIDENCE OF PHYSICAL AND EMOTIONAL TRAMA? IN RETROSPECT DO YOU THINK, THAT DR. GARCIA TESTIMONY WAS SUFFICIENT TO SUPPORT YOUR TRIAL STRATEGY?


THE COURT ORDERS THAT ATTORNEY LUIS GARCIA SHOULD GIVE ANSWER TO , BY AFFIDAVIT OR AT AN EVIDENTIARY HEARING TO THE FOLLOWING QUESTIONS TO RESOVLE APPICANT'S CONTROVERT, PREVIOUSLY UNRESOVLVED FACTS, AND THE RESOVLATION OF THE DESIGNATED ISSUES.


SIGNED ON:_____


_____
PRESIDING JUDGE


4.

# (US-2030-0001-103)3-0110(Certification #)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

28th District Court
P.O. Box 2987
Corpus Christi, TX
78403

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  □ Agent
                    □ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   ☒ Certified Mail   □ Express Mail
   □ Registered       □ Return Receipt for Merchandise
   □ Insured Mail     □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
   (Transfer from service label)

7013 2630 0001 1653 0110

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

United States Postal Service, CHRISTI
TX 784
29 APR 2015 PM 2

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Rudy Kaizer #1730604
1300 FM 655
EB01
Rosharon, TX 77583